**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

PARVINDER MANN

      Petitioner,

    v.

FERETI SEMAIA, et al.,

      Respondents.

No. 5:26-cv-02669-BFM

**ORDER ON HABEAS PETITION**

Petitioner Parvinder Mann filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 18, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **denied with leave to amend**.

**FACTUAL BACKGROUND**

Petitioner is a citizen of India. (Pet. ¶ 19.) He entered the United States without inspection in February 2022. (Pet. ¶ 19.) He was apprehended by immigration authorities inside the United States; he was briefly detained and was subsequently released. (Pet. ¶¶ 1, 19.)

On June 30, 2026, Petitioner was re-detained. (Pet. ¶ 1.) In November 2026, Petitioner filed a habeas petition in this Court challenging his re-detention and the lack of procedural due process afforded him. *See* Order, *Mann v. Bowen*, No. 5:25-cv-3152-MWC-MAA, ECF No. 8 (C.D. Cal. Nov. 25, 2025). On

review of Petitioner's application for a temporary restraining order, the District Judge ordered DHS to provide Petitioner a bond hearing. *Id.* That petition was later dismissed as moot.

At the court-ordered bond hearing held in December 2025, the immigration judge ordered Petitioner detained as a flight risk. (Pet. ¶ 2.) Petitioner claims the IJ reached that decision "without an individualized assessment supported by specific evidence in the record." (Pet. ¶ 5.) According to Respondents, Petitioner also had a *Rodriguez* bond hearing in February 2026. (ECF 7 ("Answer") at 2; *see also* Pet. ¶ 59 (referencing a February bond hearing).)

In March 2026, an IJ denied Petitioner's asylum application and ordered him removed. (Pet. ¶ 60.) Petitioner's case is now pending before the Board of Immigration Appeals. (Pet. ¶ 61.) Petitioner estimates that the current adjudication time for the BIA appeals is "over a year, or it takes several months." (Pet. ¶ 63.)

In May 2026, Petitioner filed this second counseled Petition. In it, he argues that he is subject to "prolonged and effectively indefinite civil immigration detention without an individualized bond hearing, in violation of the Fifth Amendment." (Pet. ¶ 7.) Petitioner claims that his detention is untethered to the permissible purposes of civil detention and is therefore unconstitutional. (Pet. ¶¶ 9-13, 92-96.) He also claims that his detention violates the Administrative Procedures Act. (Pet. ¶¶ 97-100.)

The matter is fully briefed and ready for decision. (Answer; ECF 8 ("Reply").)

## DISCUSSION

**A.    Substantive Due Process**

In his First Cause of Action, Petitioner argue that his continued detention violates substantive due process. (Pet. ¶¶ 92-96.) After review, the Court concludes that the claim lacks merit and is denied.

The Due Process Clause applies to "persons" within the jurisdiction of the United States. U.S. Const. Amend. XIV. It "protects every one of these persons from deprivation of life, liberty, or property without due process of law." *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). "Persons" includes both citizens and noncitizens. *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) (citation omitted). As such, while Congress has the authority to pass laws governing non-citizens "that would be unacceptable if applied to citizens," *Mathews*, 426 U.S. at 77, 79-80, its latitude to do so in the civil detention realm is not unlimited. At a "bare minimum," noncitizens subject to civil immigration detention—just like people detained civilly and individuals accused but not convicted of a crime—"cannot be subjected to conditions that 'amount to punishment.'" *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896) (concluding that "detention or temporary confinement" is "valid" to carry out "the provisions for the exclusion or expulsion of aliens," but that detention involving "imprisonment at hard labor" is unconstitutional without a criminal trial).

Civil detention may be deemed punitive "where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods." *Jones*, 393 F.3d at 934. This may be so where civil detention is excessively prolonged, even if not indefinite. *United States v. Torres*, 995 F.3d 695, 708-10 (9th Cir. 2021) (concluding that a pretrial criminal detainee's 21-month detention was

"approaching the limits of what due process can tolerate" and that "at some point, regardless of the risks associated with Torres's release, due process will require that he be released if not tried"). In the context of civil detention before a criminal trial, courts consider not only the length of the detention, but also the government's role in causing the detention to be prolonged. *Id.* at 708.

Civil detention can also violate due process when detainees are subject to conditions so harsh as to give rise to an inference that the detention is punitive. *See Jones*, 393 F.3d at 932. People detained under civil rather than criminal process are "entitled to more considerate treatment than [their] criminally detained counterparts." *Id.* (cleaned up). Accordingly, when a detainee "is confined in conditions identical to, similar to, or more restrictive than, those in which . . . criminal counterparts are held," courts "presume that the detainee is being subjected to punishment." *Id.* (cleaned up). If conditions of civil confinement are equivalent to or more restrictive than criminal detention, they are presumptively punitive and the burden shifts to the government "to show (1) legitimate, non-punitive interests justifying the conditions of the detainee's confinement and (2) that the restrictions imposed are not excessive in relation to these interests." *King v. Cnty. of L.A.*, 885 F.3d 548, 557 (9th Cir. 2018) (cleaned up).

Though neither *Torres* nor *Jones* arise in the immigration context, they provide helpful markers to guide this Court's analysis of the kinds of civil detention that might violate substantive due process. *See Doe v. Becerra*, 723 F. Supp. 3d 688, 691 (N.D. Cal. 2024) (considering the above factors from *Torres* and *Jones* in evaluating substantive due process claim raised by an individual in immigration detention).

Here, Petitioner has been detained for just under a year. While any period of detention is a hardship, the period of Petitioner's detention does not yet constitute prolonged detention. *Cf. Torres*, 995 F.3d at 709-10 (21 months of

4

pretrial detention for person charged with criminal offense was "approaching the limits of what due process can tolerate"); *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1083 (N.D. Cal. 2024) (finding 30 months of immigration detention to weigh in favor of a finding of substantive due process violation). Petitioner has not pointed to anything Respondents did to prolong that detention. And while Petitioner references harsh conditions, he does not present a sufficiently well-developed record to find that the conditions exceed those to which those serving criminal convictions are subjected. *See Doe*, 732 F. Supp. 3d at 1089 ("Determining whether the conditions at [an immigration detention facility] are worse 'as a whole' than at the state facilities where Mr. Doe was imprisoned is a difficult comparison that would require comprehensive evidence."). Thus, none of these factors weigh in Petitioner's favor.

Nevertheless, Petitioner argues that his detention is significantly out of line with the government's interests in detention. The Court cannot make that finding on this record. A bond hearing is the primary test of whether detention is excessive to the government's interest in detention. *See Martinez Leiva v. Becerra*, No. 23-CV-02027-CRB, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023). And here, Petitioner had a bond hearing—indeed, two bond hearings— and had an opportunity to show that his detention was not necessary in light of his risk of flight. He was unable to do so.

Petitioner's substantive due process claim is therefore denied. Such denial is without prejudice to a renewed claim on a more developed record or after a lengthier period of detention.

### 2. Bond-Hearing Claims

The second claim in the Petition, confusingly labeled "Fourth Claim for Relief," is brought under the APA and alleges that the policy of subjecting immigrants like Petitioner to mandatory detention is unlawful. (Pet. ¶ 99.) This claim may be a relic from a previous petition but is not a basis for relief here:

again, Petitioner has had two bond hearings, one ordered by a District Judge and one under *Rodriguez*, and he is therefore not being subjected to mandatory detention.

In his Reply, Petitioner makes certain arguments that attack the IJ's bond decision itself, as opposed to supporting a substantive due process claim. (*See* Reply at 4-5.) The Court does not read the Petition to raise any challenge to the substance of the IJ's bond hearing decision. (*See* Pet. at 17-19.) While the Court has discretion to consider new claims raised in a traverse, it declines to do so here, given the ambiguity of Petitioner's intent to raise such a claim and the lack of factual allegations that would support such a claim. Indeed, on this record, the Court has no idea why the IJ denied bond.

The Court will, however, grant Petitioner leave to file an amended petition, should he chooses to do so.

## CONCLUSION

For the reasons stated above, the Court denies the Petition without prejudice and grants Petitioner leave to amend. If Petitioner does not amend his petition by June 17, 2026, the Court will enter judgment dismissing this action without prejudice.

DATED:   June 3, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

6