**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

PARVINDER MANN

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-02669-BFM

**ORDER ON AMENDED HABEAS PETITION**

Petitioner Parvinder Mann filed this Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on June 17, 2026. (ECF 11 ("AP").) For the reasons stated below, the Petition is **granted**.

## FACTUAL BACKGROUND

Petitioner is a citizen of India. (AP ¶ 42.) He entered the United States without inspection in February 2022. (AP ¶ 43.) He was apprehended by immigration authorities inside the United States; he was briefly detained and was subsequently released. (AP ¶¶ 3, 44.) Once in the United States, he submitted an affirmative asylum application. (AP ¶ 45.) A notice to appear was issued, and Plaintiff was released on his own recognizance. (AP ¶ 48.)

On June 30, 2025, Petitioner was re-detained. (AP ¶ 52.) In November 2025, Petitioner filed a habeas petition in this Court challenging his re-

detention and the lack of procedural due process afforded him. *See* Order, *Mann v. Bowen*, No. 5:25-cv-3152-MWC-MAA, ECF No. 8 (C.D. Cal. Nov. 25, 2025). On review of Petitioner's application for a temporary restraining order, the District Judge ordered DHS to provide Petitioner a bond hearing. *Id.* After Petitioner received his bond hearing, the petition was dismissed.

At the court-ordered bond hearing held in December 2025, the immigration judge ordered Petitioner detained as a flight risk. (AP ¶¶ 56-57.) Petitioner claims the IJ reached that decision "without individualized evidence demonstrating that Petitioner posed a genuine risk of flight." (AP ¶ 58.) Petitioner also had a *Rodriguez* bond hearing in February 2026, and bond was again denied on flight risk grounds. (ECF 7 ("Answer") at 2; *see also* AP ¶ 65 (referencing a February bond hearing).) The order after the *Rodriguez* hearing states the bottom line, but provides no reasoning. (ECF 11-1 at 23.)

In March 2026, an IJ denied Petitioner's asylum application and ordered him removed. (AP ¶ 66.) Petitioner's case is now pending before the Board of Immigration Appeals. (AP ¶ 67.) *See also* EOIR Automated Case Information (reflecting that Petitioner's brief to the BIA was received July 20, 2026, that DHS did not timely file a brief, and that the appeal was still pending) (last visited August 22, 2026). Petitioner estimates that the current adjudication time for the BIA appeals is "several months." (AP ¶ 68.)

In May 2026, Petitioner filed this second counseled Petition arguing that his detention violated his due process rights. (*See* ECF 1.) The Court denied the Petition without prejudice and granted Petitioner leave to amend. (ECF 10.) He filed this Amended Petition on June 17, 2026, challenging the adequacy of his bond hearings. (*See* AP at 18-19.) The Court permitted Respondents an additional opportunity to respond to Petitioner's bond hearing claim, but they filed no supplemental briefing. (ECF 18.)

**DISCUSSION**

The Petition alleges that habeas relief is warranted because the IJ erred in finding him a flight risk. (AP ¶¶ 5-6, 12, 39, 56-61, 104-108.) He points to the fact that he was—twice—found suitable for release by immigration authorities, that he is married to a U.S. citizen, that he has numerous family members, and that he has complied with the requirements of the immigration authorities since his arrival. (AP ¶¶ 3, 8.) He argues that the IJ did not meaningfully consider any of these things when deeming him a flight risk. (AP ¶ 6.) This, he claims, violates the Constitution. (AP ¶¶ 104-108.)

Though the improper bond hearing was a primary thrust of the Amended Petition—and indeed, was the reason he was granted leave to amend (ECF 10 at 6), Respondents contest Petitioner's bond hearing claim on a single ground: his failure to exhaust. (Answer at 3-5.)

Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. As a prudential matter, however, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Prudential exhaustion should be required where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

On the other hand, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). A court may waive the exhaustion requirement "when administrative remedies are

inadequate or their exercise would be futile, or irreparable injury would result without immediate judicial intervention." *Ward*, 678 F.3d at 1045.

Here, the Court finds several factors counsel in favor of waiving exhaustion. First, the available avenue for exhaustion would be an appeal of the IJ's bond decision to the BIA. Petitioner filed an appeal of his removal order, but did not appeal the bond decisions in his case. (AP ¶ 67.) But forcing Petitioner to wait until the BIA decides his appeal would cause irreparable injury: According to data released by the Executive Office for Immigration Review, the average processing time for bond appeals in 2024 exceeded 200 days. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025). As of the end of fiscal year 2025, the BIA had 202,946 total pending appeals—a number that was a significant increase over its backlog at the end of 2024. At the end of the third quarter of 2026, the number of pending appeals was 282,434. *See* EOIR Adjudication Statistics, All Appeals Filed, Completed and Pending, https://www.justice.gov/eoir/media/1344986/dl?inline (last visited August 22, 2026). Second, Petitioner alleges that his prolonged detention has caused significant emotional and financial hardship to himself and his family. (AP ¶ 13.) Finally, as discussed below, Respondents offer no defense of the IJ's substantive decision. *Villa v. Mullin*, ___ F. Supp. 3d ___, 2026 WL 1583941, at *3 (C.D. Cal. June 2, 2026) (granting motion to reconsider and finding waiver of exhaustion appropriate where "Respondents have never defended the IJ's [bond] decision on the merits"). Under these circumstances, waiver of the exhaustion requirement is appropriate.

On the merits of the question, Respondents offer no defense of the IJ's decision, and none is apparent on this record—even considering the deferential standard that applies. *Martinez*, 124 F.4th at 784 ("When questions require a close review of agency-found facts, like the 'dangerousness' determination, we review for an abuse of discretion."); *Miri v. Bondi*, No. 5:26-cv-00698-MEMF-

MAR, 2026 WL 622302, at *5 (C.D. Cal. Mar. 5, 2026) (applying same standard to dangerousness as to risk of flight).

Here, Petitioner was released on supervision by DHS. (AP ¶¶ 3, 48.) His release was at least implicitly premised on a finding by DHS that he was not a flight risk or danger. *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1167 (S.D. Cal. 2025) ("In general, '[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'"); *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted) (a petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk"). After that date, his ties to the United States, if anything, grew stronger, as he married a U.S. citizen. (ECF 11-1 at 45.) There is no information before the Court, not in any of the petitions Petitioner has filed, reflecting violations of the conditions of supervision or of the criminal laws. (ECF 11-1 at 48-51(rap sheet).) Nor is there is there any explanation of the IJ's reasoning for finding Petitioner a flight risk.

While Respondents argue that Petitioner should not be granted relief, let alone release, they make no argument defending the IJ's finding that Petitioner was a flight risk. (*See generally* Answer.) They also neglected to file supplemental briefing even after the Court permitted them an additional opportunity to respond to Petitioner's improper bond hearing arguments. (ECF 18.) Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing

party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

Because this Court is left with no evidence supporting any basis for civil detention—and because Petitioner has successfully been under DHS's supervision for years—the Court exercises its discretion to order Petitioner's release.

**CONCLUSION**

Accordingly, the Amended Petition (ECF 11) is granted. Petitioner Parvinder Mann (A# 220-841-699) is ordered immediately released on the conditions of supervision previously imposed. Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody, and shall report any delay in Petitioner's release. Upon receipt of such confirmation, judgment will issue and the Court will close the case.

DATED: September 2, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE